**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Oliver Lee Hurley, | No. CV-23-08536-PCT-DWL |
| Petitioner, | **ORDER** |
| v. | |
| United States of America, | |
| Respondent. | |

On July 2, 2024, Magistrate Judge Willett issued a report and recommendation ("R&R") concluding that Petitioner's 28 U.S.C. § 2255 motion should be denied without an evidentiary hearing. (Doc. 40.)

On July 30, 2024, after Petitioner failed to file objections, the Court accepted the R&R as unopposed and entered judgment. (Docs. 41, 42.)

On November 25, 2024, Petitioner filed a motion seeking reconsideration of the July 30, 2024 order adopting the R&R on the ground that he did not receive a copy of the R&R until August 1, 2024. (Doc. 43 at 1.)

On December 3, 2024, the Court noted that Petitioner offered no explanation for his four-month delay and indicated that it was "a close call whether reconsideration should be granted under these circumstances" but granted the motion for reconsideration, vacated judgment, and set a briefing schedule for the objection and response. (Doc. 44.)

On December 26, 2025, Petitioner filed an objection to the R&R. (Doc. 45.)

On January 6, 2025, Respondent filed a response to the objection. (Doc. 46.)

On June 24, 2025, the Court determined that Petitioner's objection was "general and non-specific," such that the Court was not required to review the R&R, but that, at any rate, the Court "in an abundance of caution, performed a *de novo* review of the R&R and fully agrees with its analysis and conclusions." (Doc. 49.) The Court adopted the R&R, overruled Petitioner's objections, denied Petitioner's § 2255 motion, and denied a "certificate of appealability and leave to proceed in forma pauperis on appeal are denied because Petitioner has not made a substantial showing of the denial of a constitutional right and because the denial of the motion is justified by a plain procedural bar and jurists of reason would not find the procedural ruling debatable." (*Id.* at 2-3.) The Clerk thereafter entered judgment. (Doc. 50.)

On August 11, 2025, Petitioner filed a motion for copies. (Doc. 51.) The motion states, "I would like to petition for a certificate of appealability with the Ninth Circuit Court of Appeals, however, I do not possess the proper documents" and requests copies of Petitioner's own § 2255 motion, the government's response, and the Court's order denying the motion and certificate of appealability. (*Id.*)

As a preliminary matter, the Court notes that a copy of the Court's order denying the motion and certificate of appealability was already mailed to Petitioner. The government's response to Petitioner's objection contains a certification that it was mailed to Petitioner as well (Doc. 46 at 2), and Petitioner's June 23, 2025 "motion for disposition" acknowledges that response. (Doc. 48 at 3.) Respondent's response to the § 2255 motion contains a similar certificate of service. (Doc. 29 at 14.) Thus, Petitioner should already have copies of all the documents he requests.

At any rate, Petitioner "should be aware that the Clerk of Court charges . . . for reproducing any record or paper," as inmates have "no right to free copies." *Mendoza v. United States*, 2015 WL 13332991, *1 (D. Ariz. 2015).

Pursuant to 28 U.S.C. § 1915(c), "the court may direct payment by the United States of the expenses of (1) printing the record on appeal in any civil or criminal case, if such printing is required by the appellate court." That circumstance does not appear to be

1  before the Court, and at any rate, the Court has already denied Petitioner in forma
2  pauperis status on appeal. (Doc. 49.)
3       Accordingly,
4       **IT IS ORDERED** that Petitioner's motion for copies (Doc. 51) is **denied**.
5       Dated this 12th day of August, 2025.

Dominic W. Lanza
United States District Judge